Jeffrey S. Swyers, Esq.
Owen M. Rumelt, Esq.
Christopher M. Leins, Esq.
SLEVIN & HART, P.C.
Attorneys for Plaintiffs
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
       -and-
1625 Massachusetts Avenue N.W., Ste. 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
jswyers@slevinhart.com
orumelt@slevinhart.com
cleins@slevinhart.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

| | |
|---|---|
| DIVISION 1181 AMALGAMATED TRANSIT UNION – NEW YORK EMPLOYEES PENSION FUND and its TRUSTEES, <br><br>                     Plaintiffs, <br><br>          v. <br><br> D & A BUS COMPANY, INC. and ANCHOR BUS CO., INC., <br><br>                     Defendants. | **COMPLAINT** <br><br> Case No. 2:16-cv-5014 |

----------------------------------------------------------------------X

Plaintiffs, by counsel, hereby complain of Defendants, as follows:

**Introduction**

1. This is a suit by and on behalf of the Division 1181 A.T.U. - New York Employees Pension Fund (the "Fund") and its Trustees (the "Trustees") against Defendants D & A Bus Company, Inc. ("D&A") and Anchor Bus Co., Inc. ("Anchor," and together with D&A, "Defendants") brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29

U.S.C. §§ 1001 *et seq.* Plaintiffs seek a judgment awarding withdrawal liability, interest, liquidated damages, and attorneys' fees and costs under ERISA, as well as injunctive relief compelling Defendants' response to the Fund's request for a complete list of each trade or business under common control.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action under Sections 502, 515, and 4301(c) of ERISA, 29 U.S.C. §§ 1132, 1145 and 1451(c).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund maintains its primary place of business in this district.

## Parties

4. The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), that provides retirement benefits to eligible participants.

5. The Fund is administered at 20 North Central Avenue, Valley Stream, New York 11580.

6. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). Pursuant to Sections 502(a)(3), 515, 4221(d), and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, 1401(d), and 1451(a)(1) and (b), the Trustees are authorized to bring this action on behalf of the Fund, its participants and beneficiaries, for the purpose of collecting withdrawal liability.

7. At all times pertinent to this action, Defendants have been employers within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and have been

engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

8. At all times pertinent to this action, Defendant D&A has been a New York corporation with a principal place of business located at 732 5th Avenue, Brooklyn, New York 11232.

9. At all times pertinent to this action, Defendant Anchor has been a New York corporation with a principal place of business located at 732 5th Avenue, Brooklyn, New York 11232.

### Factual Allegations in Support of Relief Sought

10. The Fund incorporates the foregoing paragraphs as if fully stated herein.

11. Until its withdrawal from the Fund on or about June 30, 2014, Defendant D&A employed employees represented for the purposes of collective bargaining by Amalgamated Transit Union Local 1181 (the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

12. At all times pertinent to this action, Defendant D&A was signatory and bound by a collective bargaining agreement with the Union (the "CBA").

13. Pursuant to the CBA, and at all times pertinent to this action, Defendant D&A was obligated to contribute to the Fund on behalf of its covered employees.

14. Pursuant to the CBA, and at all times pertinent to this action, Defendant D&A was obligated to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund and any amendments thereto ("Trust Agreement"), and the rules and policies adopted by the Trustees pursuant to the Trust Agreement. The Fund's policy on delinquencies and collection are also incorporated by reference in the CBAs.

15. Pursuant to their authority under the Trust Agreement, the Trustees adopted the Policy for Collection of Delinquent Contributions (the "Collection Policy") and the Fund's Withdrawal Liability Rules. Accordingly, Defendants are bound by the Fund's Collection Policy and Withdrawal Liability Rules.

16. The Fund's Withdrawal Liability Rules provide that interest on delinquent withdrawal liability payments shall be determined using the interest rates applicable to unpaid contributions to the Fund as provided in the Fund's Collection Policy. The Fund's Collection Policy provides an interest rate of the Fund's custodial bank's prime rate plus 2% per annum.

17. Pursuant to the CBA, Defendant D&A was also obligated to submit monthly reports and contributions to the Fund.

18. The Fund determined that on or about June 30, 2014, Defendant D&A effected a "complete withdrawal" from the Fund, as said term is defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

19. The Fund also determined that, as a result of this complete withdrawal, Defendant D&A incurred withdrawal liability to the Fund in the amount of $575,545.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

20. On or about September 9, 2015, the Fund sent Defendant D&A via certified mail a Notice and Demand for payment of withdrawal liability with a payment schedule issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

21. This Notice and Demand for payment informed Defendant D&A that its withdrawal liability was $575,545.00, payable according to the schedule contained therein in 80 quarterly payments of $13,233.34.

22. The Notice and Demand also requested that Defendant D&A furnish to the Fund, within thirty (30) days, a complete list of each trade or business under "common control" as said term is defined in ERISA Section 4001(b).

23. Defendant D&A did not make the first required payment or any payments thereafter, nor did it respond to the Fund's request for information, in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

24. The Fund's September 9, 2015 Notice and Demand was returned to the Fund with "return to sender, unable to forward" noted on the envelope.

25. On or about January 8, 2016, the Fund again attempted to send via certified mail a copy of the Notice and Demand to the home address of the owner of Defendant D&A, Joseph Orapallo. The Fund did not receive a signed return receipt and were unable to confirm that the January 8, 2016 Notice and Demand was delivered through the United States Postal Service's tracking system.

26. Accordingly, the Fund sent another copy of the Notice and Demand via regular mail to Defendant D&A on March 2, 2016. Under the March 2, 2016 Notice and Demand and payment schedule, the first payment was due to the Fund by May 1, 2016, with subsequent payments made quarterly thereafter.

27. The Fund has not received any indication that its March 2, 2016 Notice and Demand was not delivered.

28. On or about June 2, 2016, the Fund's counsel sent Defendant D&A a letter notifying Defendant D&A that it was delinquent in making its first quarterly withdrawal liability payment and that it would be in default within the meaning of ERISA Section 4219(c)(5)(A), 29

U.S.C. § 1399(c)(5)(A) if it did not cure the delinquency within 60 days from receipt of the letter.

29. The Fund has not received any indication that its June 2, 2016 letter was not delivered.

30. Neither Defendant D&A nor any other trade or business under common control with Defendant D&A, including but not limited to Defendant Anchor, has paid to the Fund any of the payments due under Defendant D&A's withdrawal liability payment schedule.

31. Neither Defendant D&A nor any other trade or business under common control with Defendant D&A, including but not limited to Defendant Anchor, has initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). As a result, they are now precluded from doing so.

### Count I
### (Against Defendant D&A for Delinquent Withdrawal Liability)

32. The Fund incorporates the foregoing paragraphs as if fully stated herein.

33. Defendant D&A has failed to make the required withdrawal liability payments due to the Fund, despite its obligation to do so under the CBA and Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c).

34. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

35. Defendant D&A is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. § 4219.33. As a result, the full amount of the withdrawal liability is now due and owing.

36. By the foregoing conduct, Defendant D&A has violated Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c), and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $575,545.00; interest on the withdrawal liability at the rate of the Fund's custodial bank's prime rate plus 2% per annum; an amount equal to the greater of the foregoing accrued interest or liquidated damages equal to twenty (20%) percent of the withdrawal liability; and the attorneys' fees and costs incurred by the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

## Count II
### (Against Defendant Anchor for Controlled Group Liability)

37. The Fund incorporates the foregoing paragraphs as if fully stated herein.

38. ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1), extends an employer's withdrawal liability to all trades or businesses that are under common control with the employer within the meaning of Section 414(c) of the Internal Revenue Code, 26 U.S.C. § 414(c), and the regulation thereunder.

39. At the time of Defendant D&A's withdrawal from the Fund, Defendant Anchor was a trade or business under common control with Defendant D&A within the meaning of Section 414(c) of the Internal Revenue Code, 26 U.S.C. § 414(c), and the regulation thereunder.

40. As a trade or business under common control with Defendant D&A, Defendant Anchor is jointly and severally liable for Defendant D&A's withdrawal liability under ERISA Section 4001(b)(1), 29 U.S.C. §1301(b)(1).

41. Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, notice of withdrawal liability assessment, default and all other notices provided under Sections 4201-4225 of ERISA,

29 U.S.C. §§ 1381-1405, sent to one member of a controlled group constitutes notice to all trades or businesses in the same controlled group.

42. As set forth above, the Fund provided notices to Defendant D&A of the withdrawal liability and the Fund's acceleration of the withdrawal liability.

43. As neither Defendant D&A, nor any other trade or business under common control with Defendant D&A, including Defendant Anchor, has paid to the Fund any of the payments due under Defendant D&A's withdrawal liability payment schedule, they are now in default.

44. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

45. By the foregoing conduct, Defendant Anchor has violated Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c), and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $575,545.00; interest on the withdrawal liability at the rate of the Fund's custodial bank's prime rate plus 2% per annum; an amount equal to the greater of interest at the above rate or liquidated damages equal to twenty (20%) percent of the withdrawal liability; and the attorneys' fees and costs incurred by the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

**Count III**
**(For Injunctive Relief Under ERISA § 502(a)(3)(A) against Defendants)**

46. The Fund incorporates the foregoing paragraphs as if fully stated herein.

47. ERISA Section 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A), permits a plan fiduciary to bring an action "to enjoin any act or practice which violated any provision of this title or the terms of the plan."

48. Defendants' failure to respond to the Fund's request for information by providing a complete list of each trade or business under "common control" is in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

49. Accordingly, the Fund is entitled to an injunction compelling Defendants' response, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a), to the Fund's request for a complete list of each trade or business under common control with Defendants, as defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b).

WHEREFORE, the Fund requests a judgment against Defendants, jointly and severally, for all amounts due to the Fund at the time this cause reaches judgment and other relief, to wit:

(a) A judgment against Defendants on behalf of the Fund, pursuant to Sections 502(g), 515, and 4219(c) of ERISA, 29 U.S.C. §§ 1132(g), 1145, and 1399(c), for:

    (i) Withdrawal liability in the amount of $575,545.00;

    (ii) Interest on the withdrawal liability accrued at the rate of the Fund's custodial bank's prime rate plus 2% per annum from May 1, 2016 through the date of payment of the withdrawal liability;

    (iii) An amount equal to the greater of the interest accrued on the withdrawal liability or liquidated damages in the amount of twenty (20%) percent of the withdrawal liability; and

    (iv) The attorneys' fees and costs incurred by the Fund in the collection of the withdrawal liability, including the attorneys' fees and costs of this action;

  (c) An injunction compelling Defendants' response to the Fund's request for a complete list of each trade or business under common control (as defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b)) with Defendant D&A, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a); and

  (d) Such further or different relief as this Court may deem proper and just.

Dated: West Hempstead, NY
    September 9, 2016

Respectfully submitted,

  /s/ Owen M. Rumelt
Jeffrey S. Swyers, Esq.*
Owen M. Rumelt, Esq.
Christopher M. Leins, Esq.*
SLEVIN & HART, P.C.
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
  -and-
1625 Massachusetts Avenue N.W., Ste. 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
jswyers@slevinhart.com
orumelt@slevinhart.com
cleins@slevinhart.com

Counsel for Plaintiffs

*Pro hac vice* application forthcoming

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20429851v1